**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERT RAGNO,**<br><br>*Plaintiff,*<br><br>v.<br>**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,**<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201,<br><br>*Defendant.* | Case No. 1:26-cv-4185 |

## COMPLAINT

1. Plaintiff Robert Ragno ("Plaintiff" or "Mr. Ragno") brings this action against the United States Department of Health and Human Services (HHS), under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, Plaintiff is deemed to have exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff Robert Ragno is the requester of the FOIA request to HHS designated 2026-HHS-FOIA-002550 (the "Request"). Plaintiff's residential address will be provided to the Court in a notice filed under seal pursuant to LCvR 5.1(c)(1).

6. Defendant HHS is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C., and was the recipient of Plaintiff's FOIA request.

## STATEMENT OF FACTS

*Plaintiff's April 15 FOIA Request*

7. On April 15, 2026, Mr. Ragno submitted a FOIA request to the HHS Office of the Secretary through FOIA.gov. The Request sought all non-exempt agency records concerning HHS Office for Civil Rights (OCR) Transaction No. CU-26-648899 regarding Plaintiff's prior HIPAA complaint submitted to HHS OCR on behalf of his minor son, including: (a) all communications between OCR and Seattle Children's Hospital relating to the complaint, including emails, letters, attachments, and transmittals; (b) all records reflecting or constituting the "technical assistance" referenced in OCR's April 13, 2026 closure letter; (c) all responses or submissions from Seattle Children's Hospital to OCR relating to the complaint; (d) any case closure memorandum, disposition memorandum, or final case summary explaining the handling or closure of the complaint; (e) any factual summaries, timelines, or allegation summaries prepared by OCR staff regarding the complaint; (f) logs or metadata sufficient to show the dates of material case actions, including receipt, review, communications with the covered entity, provision of technical assistance, and closure; and (g) any records identifying the allegations OCR reviewed and the basis on which OCR elected informal resolution rather than formal investigation.

8. In order to narrow the Request and reduce the burden on the agency, Mr. Ragno expressly excluded purely internal draft documents, predecisional deliberative notes

or recommendations, personal telephone numbers and email addresses, and records unrelated to the complaint. He asked HHS to release all reasonably segregable non-exempt portions of any record and to produce records electronically.

9. The Request also sought expedited processing, explaining that Mr. Ragno's son needed medical care for a life-threatening condition and that the records bore directly on the family's ability to obtain that care.

*HHS's Acknowledgment of the Request*

10. On April 15, 2026, HHS's SecureRelease system issued an automated acknowledgment confirming that the Request had been submitted through FOIA.gov to the Office of the Secretary.

11. HHS assigned the Request tracking number 2026-HHS-FOIA-002550 (FOIA.gov Submission ID 2859236) and placed it in its "Simple" processing track.

12. HHS has never notified Mr. Ragno of unusual circumstances under 5 U.S.C. § 552(a)(6)(B), sought clarification of the Request, or otherwise tolled the time to respond. Therefore, HHS was required to make a determination on Mr. Ragno's request within 20 business days, or by May 13, 2026, and has failed to do so.

*Plaintiff's Repeated Inquiries*

13. On June 1, 2026, Mr. Ragno wrote to the HHS FOIA Office at FOIARequest@hhs.gov and to the HHS FOIA Public Liaison. He noted that the Request had been perfected on April 15, 2026, was on the Simple track, had not been tolled, and still had no estimated completion date or decision on expedited processing.

14. Both mailboxes responded only with generic automatic replies that did not address the Request.

15. On July 1, 2026, Mr. Ragno wrote to the designated HHS FOIA Public

Liaison to request the status of the Request, including the request for expedited processing.

16. Also on July 1, 2026, Mr. Ragno wrote to FOIARequest@hhs.gov, with a copy to the FOIA Public Liaison, noting that SecureRelease still showed the expedited-processing request as awaiting decision with no estimated completion date. He asked HHS to provide its expedited-processing determination, the processing track and office handling the Request, the perfected date, an estimated date of completion, and whether HHS had issued any unusual-circumstances notice or tolling request.

*HHS's Denial of Expedited Processing*

17. HHS was required to make a determination on Mr. Ragno's request within 10 business days of receiving his request, or by April 25, 2026.

18. On July 2, 2026, seventy-eight days after Mr. Ragno submitted the Request, HHS denied his request for expedited processing and stated that the Request would be processed "in accordance with the agency's standard FOIA processing procedures."

19. The July 2 letter did not make any determination regarding the records sought, did not provide an estimated date of completion, and did not invoke unusual circumstances.

*HHS's Continued Failure to Respond*

20. On October 11, 2026, Mr. Ragno wrote to FOIARequest@hhs.gov and the FOIA Public Liaison requesting an updated written status for the Request. He asked HHS to confirm whether the Request remained open, its perfected date and processing track, the office handling the search and review, whether any tolling or extension had been applied, an estimated completion date, and whether records could be released on a rolling basis.

21. On October 18, 2026, Mr. Ragno sent a Notice of Constructive Exhaustion and Request for Supervisory Review under 5 U.S.C. § 552(a)(7)(B)(ii) to the HHS Deputy

Agency Chief FOIA Officer, with copies to FOIARequest@hhs.gov and the FOIA Public Liaison. He asked HHS to issue a substantive determination, identify any lawful tolling or extension, identify the responsible office, provide an estimated completion date under 5 U.S.C. § 552(a)(7)(B), and release all reasonably segregable non-exempt records, and he requested a response within ten business days.

22. The Chief FOIA Officer's mailbox responded with an automatic reply stating that it does not respond to status inquiries about pending FOIA requests and directing Mr. Ragno to the FOIA Requester Service Center and the FOIA Public Liaison, both of which had been copied on the notice.

*HHS Has Not Made a Determination Or Produced Records For Plaintiff's Request*

23. As of the filing of this Complaint, HHS has not (a) determined whether it will comply with the Request; (b) informed Plaintiff of the scope of the records it will produce or withhold, or of any exemptions it claims; (c) notified Plaintiff of any right to appeal such a determination; or (d) produced any records.

## <u>COUNT I</u>
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Searches for Responsive Records

24. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

25. Plaintiff properly requested records within the possession, custody, and control of Defendant HHS.

26. HHS is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

27. HHS has failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA request.

28. HHS's failure to conduct an adequate search for responsive records violates FOIA and HHS regulations at 45 C.F.R. Part 5.

29. Plaintiff Robert Ragno is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA request.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

30. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

31. Plaintiff properly requested records within the possession, custody, and control of Defendant HHS.

32. HHS is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

33. HHS is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to his FOIA request.

34. HHS is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiff's FOIA request.

35. HHS's failure to provide all non-exempt responsive records violates FOIA and HHS regulations.

36. Plaintiff Robert Ragno is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to his FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim

of exemption.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

(1) Declare that Defendant's failure to make a timely determination on and produce records responsive to the Request violates the FOIA;

(2) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiff's FOIA request;

(3) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(5) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: November 25, 2026

Respectfully submitted,

*/s/ Kerry S. Gutknecht*

Counsel for Plaintiff
ROBERT RAGNO

Kerry S. Gutknecht (D.C. Bar No. 1657705)
1319 F St NW Ste 301
PMB 154
Washington, D.C. 20004
(202) 789-1650
Kerry@GutknechtLegal.com